JOHN R. MANNING
Attorney at Law
1111 H Street, Suite 204
Sacramento, CA
(916) 444-3994
Fax: (916) 447-0931
jmanninglaw@yahoo.com

Attorney for Defendant
ELTON PADILLA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ELTON PADILLA,<br><br>                      Defendant. | CASE NO.  2:19-CR-00103<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 23, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

       This matter is presently set for a change of plea on June 23, 2020.  In response to the global pandemic caused by the COVID-19 virus, this Court issued a series of General Orders related to court operations and to address public health concerns related to and during the COVID-10 pandemic.  (*See*, General Orders 611-618.)

       Although the General Order(s) addresses the district-wide health concern, the Supreme Court has emphasized the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for change of plea on June 23, 2020.

2. By this stipulation, defendant now moves to continue this matter and set it for status conference until September 15, 2020 at 9:15 a.m., and to exclude time between June 23, 2020, and September 15, 2020, under Local Code T4.  (Should the matter resolve prior to the requested date, the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

Parties will alert the court, provide the court with the relevant documents and set the matter for a change of plea hearing rather than status conference.)

    3.      The parties agree and stipulate, and request that the Court find the following:

         a)      The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, as well as audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

         b)      Counsel for defendant desires additional time to consult with this client, review the current charges, conduct investigation and research related to the charges, and to review discovery in this matter.

         c)      Counsel for the defendant is recovering from significantly invasive surgery on February 24, 2020. As such, independent of concerns over the COVID-19, counsel for the defendant has been unable to meet with the defendant and/or work on his case during the post-surgical recovery and rehabilitative process.

         d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

         e)      The government does not object to the continuance.

         f)      In addition to the public health concerns cited by General Orders 611 – 618 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- The change of plea hearing involves individuals with high-risk factors, such as age and medical conditions;
- Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

         g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 23, 2020 to September 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 17, 2020              /S/ John R. Manning
                                  JOHN R. MANNING
                                  Attorney for Defendant
                                  Elton Padilla


Dated: June 17, 2020              McGregor W. Scott
                                  United States Attorney

                                  /S/ Vincenza Rabenn
                                  VINCENZA RABENN
                                  Assistant United States Attorney


**FINDINGS AND ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.

IT IS SO FOUND AND ORDERED this 17th day of June, 2020.

                                  /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT JUDGE