JOHN R. MANNING
Attorney at Law
1111 H Street, Suite 204
Sacramento, CA
(916) 444-3994
Fax: (916) 447-0931
jmanninglaw@yahoo.com

Attorney for Defendant
ELTON PADILLA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-00103 |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ELTON PADILLA, | DATE: September 29, 2020 |
| Defendant. | TIME: 9:15 a.m. |
| | COURT: Hon. John A. Mendez |

By previous order, this matter was set for status conference on September 15, 2020.  The court, on its own motion continued the matter from September 15, 2020, to September 29, 2020.   By this stipulation, the defendant is requesting to continue the status conference from September 29, 2020, until December 8, 2020 and to exclude time between September 15, 2020 and December 8, 2020 under Local Code T-4 (to allow defense counsel time to prepare).

Additionally, in response to the global pandemic caused by the COVID-19 virus, this Court issued a series of General Orders related to court operations and to address public health concerns related to and during the COVID-19 pandemic.   (*See*, General Orders 611-618, 620-621.)

Although the General Order(s) addresses the district-wide health concern, the Supreme Court has emphasized the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also*

*United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set status conference on September 29, 2020.

2.    The court, on its own motion, continued this matter from September 15, 2020, to September 29, 2020.

3.    The defendant is requesting the status conference presently set for September 29, 2020, be continued until December 8, 2020 at 9:30 a.m.

4.    By this stipulation, the parties move to exclude time between September 29, 2020, and December 8, 2020, under Local Code T4.  (Should the matter resolve prior to December 8, 2020, the parties will alert the court, provide the court with the relevant documents and set the matter for a change of plea hearing rather than status conference.)

5.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, as well as audio and video recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)    Counsel for defendant desires additional time to consult with this client, review the current charges, conduct investigation and research related to the charges, and to review discovery in this matter.

c)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)    The government does not object to the continuance.

e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 29, 2020 to December 8, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on

the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: September 14, 2020            /S/ John R. Manning
                                     JOHN R. MANNING
                                     Attorney for Defendant
                                     Elton Padilla


Dated: September 14, 2020            McGregor W. Scott
                                     United States Attorney

                                     /S/ Vincenza Rabenn
                                     VINCENZA RABENN
                                     Assistant United States Attorney


## FINDINGS AND ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.


IT IS SO FOUND AND ORDERED this 17th day of September, 2020.


                                     /s/ John A. Mendez
                                     THE HONORABLE JOHN A. MENDEZ
                                     UNITED STATES DISTRICT COURT JUDGE