JOHN R. MANNING
Attorney at Law
1111 H Street, Suite 204
Sacramento, CA
(916) 444-3994
Fax: (916) 447-0931
jmanninglaw@yahoo.com

Attorney for Defendant
ELTON PADILLA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>         v.<br><br>ELTON PADILLA,<br><br>                                Defendant. | CASE NO.  2:19-CR-00103<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 8, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

      This matter is presently set for status conference on December 8, 2020.  The defense, on behalf of Mr. Padilla, is respectfully requesting to continue the status conference from December 8, 2020, until March 23, 2021 and to exclude time between December 8, 2020 and March 23, 2021 under Local Code T-4 (to allow defense counsel time to prepare).

      Additionally, in response to the global pandemic caused by the COVID-19 virus, this Court issued a series of General Orders related to court operations and to address public health concerns related to and during the COVID-19 pandemic.   (*See*, General Orders 611-618, 620-621.)

      Although the General Order(s) addresses the district-wide health concern, the Supreme Court has emphasized the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.   By previous order, this matter was set status conference on December 8, 2020.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

2. The defendant is requesting the status conference presently set for December 8, 2020, be continued until March 23, 2021.

3. By this stipulation, the parties move to exclude time between December 8, 2020, and March 23, 2021, under Local Code T4.  (Should the matter resolve prior to March 23, 2021, the parties will alert the court, provide the court with the relevant documents and set the matter for a change of plea hearing rather than status conference.)

4. The parties further stipulate and request the Court find the following:

a) The government has represented the discovery associated with this case includes investigative reports and related documents in electronic form, as well as audio and video recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant requests additional time in order to consult with his client; review the current charges; conduct investigation and legal research related to the charges; to review discovery in this matter; and to continue negotiations with government regarding potential resolution.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 8, 2020 to March 23, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: December 3, 2020        /S/ John R. Manning
                               JOHN R. MANNING
                               Attorney for Defendant
                               Elton Padilla

Dated: December 3, 2020        McGregor W. Scott
                               United States Attorney

                               /S/ Vincenza Rabenn
                               VINCENZA RABENN
                               Assistant United States Attorney

**FINDINGS AND ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.

IT IS SO FOUND AND ORDERED this 4th day of December, 2020.

                               /s/ John A. Mendez
                               THE HONORABLE JOHN A. MENDEZ
                               UNITED STATES DISTRICT COURT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4